The judgment of the court was pronounced by
Rost, J.
The plaintiff claims to be the owner of a half section of land, under a receipt of the receiver of the State land office established at Winnsborough by the act of the 4th of May, 1847, bearing date the 28th February, 1849.
The defendants set up as their title a purchase of the same land from the register of the State land office at New Orleans, under a warrant bearing date the 25th December, 1848.
The judgment was for the defendants in the district court, and the plaintiff appealed.
It is proved that the location of the land in controversy has not yet been approved by the secretary of the treasury, and may be rejected; so that the action of the court must be limited simply to an adjudication upon the equitable rights of the parties to the suit under their purchase. Morancy v. Ford, 2d Ann. 299.
It is necessary to state, that in the three years which followed the passage of the act of Congress of 1841, giving 500,000 acres of land to the State of Louisiana, the State authorities had located about one half of the lands given, when, in 1844, the Legislature passed an act authorizing the State land office at New Orleans to sell warrants for unlocated lands. Under this act the defendants purchased their warrant and located the land in controversy. But before this location was made, the Winnsborough State land office had been established; and the plaintiff contends that, after it went into operation the landoffice at New Orleans had no jurisdiction over the district of country for which it was created, and could not sell warrants to be located within that district, and that as the land in controversy is within the limits of the Winnsborough district, the title of the defendants is null and void.
In behalf of the defendants it is urged, that the office at Winnsborough was established exclusively for the sale of the lands which had been located by the State previous to the passage of the act of 1844; that the land office at New Orleans had exclusive power in relation to the unlocated lands, and that the *111 sale of unlocated lands to the plaintiff at the Winnsborough land office is a nullity.
On referring to the statute, it appears that the English text restricts the power of the Winnsborough land office to the sale of the located lands belonging to the State; while the French text invests it with power to sell both located and unlocated lands. This is shown to have been an oversight at the time of the passage of the act. But if it had not been, the English text must govern; and under it unlocated lands could not be acquired at the Winnsborough land office.
It is therefore ordered that the judgment be reversed. It is further ordered that the defendants be adjudged to have acquired the rights of the- State to the land in controversy. It is further ordered that the costs of the district court be paid by the plaintiff; those of this appeal to be paid by the appelles.